UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
SHERI GARDNER, Individually and on behalf :
of herself and all others similarly situated, :
: ECF Case No. 18-CV-306
Plaintiff, :
:
v. : **Collective Action Complaint**
:
RED LOBSTER RESTAURANT, LLC, : **JURY TRIAL DEMANDED**
Defendant. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## INTRODUCTION

Plaintiff Sheri Gardner ("Plaintiff"), individually and on behalf of all others similarly situated, files this Collective Action Complaint (the "Complaint") against Defendant Red Lobster Restaurant, LLC ("Defendant" or "Red Lobster") seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et. seq.* The following allegations are based on Plaintiff's personal knowledge and belief and upon information made known to Plaintiff.

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of herself and other current and former exempt Managers, and similarly situated current and former employees holding comparable positions but different titles employed by Defendant in the United States such as Service Managers, Kitchen Managers, Bar Managers, Assistant Managers, and Front-of-the House Managers ("AMs") and who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b) (hereinafter the

"Collective" or "Collective Action Members"), that they are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked in excess of 40 in a workweek, as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District, Defendant is registered to transact business in this District, and Defendant operates in this District.

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

*I.     The Plaintiff*

5. Plaintiff is an individual residing in Burlington, Wisconsin.

6. During all relevant times, Plaintiff was employed by Red Lobster as a Service Manager from in or about December 1997 until March 2015 at Defendant's stores located in Greenfield, Wisconsin, and Wauwatosa, Wisconsin.

7. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). *See* Exhibit A.

8. Plaintiff worked in excess of 40 hours per workweek, without receiving overtime compensation as required by federal laws.

*II.    The Defendant*

9. Defendant Red Lobster Restaurants, LLC is an foreign limited liability company

registered and authorized to transact business in Wisconsin, and may be served with process on its registered agent, Corporate Creations Network Inc., 4650 W. Spencer Street, Appleton, WI, 54914.

10. At all times relevant herein, Defendant has been an employer within the meaning of Section 3(d) of the FLSA (29 U.S.C. § 203(d)).

11. Defendant issued paychecks to Plaintiff and all similarly situated AMs during their employment.

12. Defendant suffered, permitted or directed the work of Plaintiff and similarly situated AMs, and Defendant benefited from work performed by Plaintiff and similarly situated AMs.

13. Pursuant to Defendant's policy, pattern, and practice, Defendant did not pay Plaintiff and other similarly situated AMs proper overtime wages for hours they worked for Defendant's benefit in excess of 40 hours in a workweek.

## FACTUAL ALLEGATIONS

14. Defendant employed Plaintiff and the similarly situated Collective Action Members.

15. Defendant maintains control, oversight, and discretion over the operation of its restaurants, including its employment practices with respect to Plaintiff and the Collective Action Members.

16. Plaintiff and the Collective Action Members performed work as AMs that was integrated into the normal course of Defendant's business.

17. Consistent with Defendant's policy, pattern and practice, Plaintiff and the Collective Action Members regularly worked in excess of 40 hours per workweek without being

3

paid premium overtime wages, in violation of the FLSA. Plaintiff was scheduled to work at least 50 hours, and regularly did work on average 55-60 hours, in a workweek. For example, Plaintiff Gardner was scheduled for, and worked more than, 40 hours during the first week of March 2015.

18. Red Lobster assigned all of the work performed by Plaintiff and the Collective Action Members, and is aware of all the work that they have performed.

19. This work required little skill and no capital investment. Nor did it include primarily managerial responsibilities, or the exercise of meaningful independent judgment and discretion.

20. During the three years preceding the date of filing this Complaint to the entry of judgment in this case ("the Collective Action Period"), Plaintiff and the Collective Action Members performed the same primary job duties: preparing food, helping and serving customers, bussing tables, cleaning the restaurants, operating the cash register, checking to make sure that supplies were properly shelved and checking inventory.

21. Throughout the Collective Action Period, the primary job duties of Plaintiff and all similarly situated Collective Action Members did not include: hiring, firing, disciplining, or directing the work of other employees, and exercising meaningful independent judgment and discretion.

22. The primary job duties of Plaintiff and the Collective Action Members did not materially differ from the duties of non-exempt hourly paid employees, which included many duties that were manual and non-exempt in nature. The performance of manual labor and non-exempt duties occupied the majority of Plaintiff's working hours.

4

23. Pursuant to a centralized, company-wide policy, pattern and practice, Red Lobster classified all AMs and other similarly situated current and former employees holding comparable positions but different titles, as exempt from the overtime provisions of the FLSA.

24. Upon information and belief, Red Lobster did not perform a person-by-person analysis of the job duties of AMs when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA.

25. Defendant established labor budgets to cover labor costs for the restaurants in which Plaintiff and similarly situated AMs worked. The wages of Defendant's restaurant-level employees were deducted from the labor budgets. However, Defendant did not provide sufficient money in the labor budgets to cover all hours needed to complete the necessary manual and non-exempt tasks in each restaurant. Defendant knew or recklessly disregarded the fact that the underfunding of restaurant labor budgets resulted in Plaintiff and other similarly situated AMs (who were not paid overtime) working more than 40 hours in a workweek without receiving any additional overtime compensation, which allowed Defendant to avoid paying additional wages (including overtime) to the non-exempt, store-level employees.

26. Defendant knew, by virtue of the fact that its General Managers (as Red Lobster's authorized agents) actually saw Plaintiff and other similarly situated AMs perform primarily manual labor and non-exempt duties, that as a result of the underfunded labor budgets, the amount of money available to pay non-exempt employees to perform such work was limited (and, ultimately, insufficient). Defendant knew that Plaintiff and other similarly situated AMs were primarily performing the work of non-exempt employees and, based on their actual job duties, AMs did not fall within any FLSA exemptions. Inasmuch as Red Lobster is a substantial

5

corporate entity aware of its obligations under the FLSA, it acted willfully or recklessly in failing to classify Plaintiff and other similarly situated AMs as non-exempt employees.

27. Defendant is aware or should have been aware, through the General Managers (as its authorized agents), that AMs were primarily performing non-exempt duties. As a large restaurant chain operating all over the United States, Defendant knew or recklessly disregarded the fact that the FLSA required Defendant to pay non-exempt employees an overtime premium for hours worked in excess of 40 per workweek.

28. Defendant's unlawful conduct, as described above, was willful or in reckless disregard of the FLSA and was accomplished through Defendant's centralized, company-wide policy, pattern, and practice of attempting to minimize labor costs by violating the FLSA.

29. As part of its regular business practice, Red Lobster intentionally, willfully, and repeatedly engaged in a policy, pattern, and practice of violating the FLSA with respect to Plaintiff and the Collective Action Members. This policy, pattern, and practice includes, but it is not limited to, Red Lobster's knowledge of its obligations and the kind of work that Plaintiff and the Collective Action Members have been performing. As a result, Defendant has:

a. willfully misclassified Plaintiff and the Collective Action Members;

b. willfully failed to pay Plaintiff and the Collective Action Members overtime wages for hours they worked in excess of 40 hours per week; and

c. willfully failed to provide enough money in its store-level labor budgets for non-exempt employees to perform their duties and responsibilities, forcing AMs to perform such additional non-exempt tasks.

30. Defendant's willful violations of the FLSA are further demonstrated by the fact that during the course of the Collective Action Period and continuing to the present, Defendant

has failed to maintain accurate and sufficient time records for Plaintiff and the similarly situated members of the Collective Action. Defendant acted recklessly or in willful disregard of the FLSA by instituting a policy and practice that did not allow Plaintiff to record all hours worked.

31. Due to the foregoing, Red Lobster's failure to pay overtime wages for work performed by the Collective Action Members in excess of 40 hours per workweek was willful or reckless, and has been widespread, repeated and consistent.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

32. Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute her FLSA claims individually and as a Collective Action on behalf of all persons who are or were formerly employed by Red Lobster as AMs, and individuals holding comparable salaried positions but with different titles, within the United States at any time from three years from the date of the filing of this Complaint to the entry of judgment in this case.

33. Red Lobster is liable under the FLSA for, *inter alia*, failing to pay premium overtime wages to Plaintiff and other similarly situated employees for all hours over 40 worked in any given workweek.

34. Upon information and belief, there are likely hundreds of similarly situated current and former AMs who have not been paid premium overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join. Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

35. The similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

7

## FIRST CAUSE OF ACTION
## (FLSA:  UNPAID OVERTIME WAGES)
## (Brought on Behalf of Plaintiff and All Collective Action Members)

36. Plaintiff, on behalf of herself and all Collective Action Members, re-alleges and incorporate by reference paragraphs 1 through 35 as if they were set forth again herein.

37. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

38. At all relevant times, Defendant employed Plaintiff, and employed or continue to employ, each of the Collective Action Members within the meaning of the FLSA.

39. Red Lobster has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

40. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).  *See* Exhibit A.

41. The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq.*, apply to Red Lobster.

42. At all relevant times and continuing to the present, Defendant has had a policy and practice of refusing to pay premium overtime compensation to their AMs and similarly situated employees in comparable positions but holding different titles, for hours worked in excess of 40 hours per workweek.

43. As a result of Defendant's willful failure to compensate its employees, including Plaintiffs and the Collective Action Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has

8

Case 2:18-cv-00306-JPS   Filed 02/28/18   Page 8 of 12   Document 1

violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

44. As a result of Defendant's willful failure to record, report, credit, and compensate its employees, including Plaintiff and the Collective Action Members, Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

45. As a result of Defendant's policy and practice of minimizing labor costs by underfunding labor budgets for its restaurants, Defendant knew or recklessly disregarded the fact that Plaintiff and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

46. Due to Defendant's (a) failure to provide enough labor budget funds; (b) failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and the similarly situated Collective Action Members; (c) actual knowledge, through its General Managers that the primary duties of Plaintiff and the similarly situated Collective Action Members were manual labor and other non-exempt tasks; (d) failure to perform a person-by-person analysis of Plaintiff's and the Collective Action Members' job duties to ensure that they were performing exempt job duties; and (e) policy and practice that did not allow Plaintiff and Collective Action Members to record all hours worked, Defendant knew or showed reckless disregard that its conduct was prohibited by the FLSA, 29 U.S.C. § 255(a).

47. As a result of Defendant's FLSA violations, Plaintiff, on behalf of themselves and the Collective Action Members, are entitled (a) to recover from Defendant their unpaid wages for all of the overtime hours worked, as premium overtime compensation; (b) to recover an

9

additional, equal amount as liquidated damages for Defendant's willful or reckless violations of the FLSA; and (c) recover their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

48. Red Lobster's violations of the FLSA have been willful or reckless, thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Collective Action Members are entitled to and pray for the following relief:

a. Designation of this action as an FLSA collective action on behalf of Plaintiff and the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. A declaratory judgment that the practices complained of are unlawful under the FLSA;

c. An award of unpaid wages for all hours worked in excess of 40 hours in a workweek, at a rate of one and one-half times the regular rate of pay under the FLSA, using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5);

d. An award of liquidated and punitive damages as a result of Red Lobster's willful or reckless failure to pay for all hours worked in excess of 40 hours in a

workweek, at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216;

e. An award of prejudgment and post-judgment interest;

f. An award of costs and expenses of this action, together with reasonable attorneys' and expert fees, and an award of a service payment to the Plaintiff; and

g. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to FED. R. CIV. P. 38(b), Plaintiff and the Collective Action Members demand a trial by jury on all questions of fact raised by the Complaint.

Dated: February 28, 2018  By:  /s/Larry A. Johnson
Larry A. Johnson
Bar Number 1056619
Summer Murshid
Bar Number 1075404
Timothy Maynard
Bar Number 1080953
Attorneys for Plaintiffs

**Hawks Quindel, S.C.**
222 East Erie, Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
mail: ljohnson@hq-law.com
tmaynard@hq-law.com
smurshid@hq-law.com

Seth R. Lesser *
Fran L. Rudich*
Michael H. Reed*
Alexis H. Castillo *
KLAFTER OLSEN & LESSER, LLP
Two International Drive, Suite 350
Rye Brook, NY 10573

11

Tel: (914) 934-9200
Fax: (914) 934-9220
Email: seth@klafterolsen.com
Email: fran@klafterolsen.com
Email: michael.reed@klafterolsen.com
Email: alexis.castillo@klafterolsen.com

*Attorneys for Plaintiff and the Collective Action Members*

*to seek admission